IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANTHONY TONY SUNDAY, )
)
Plaintiff, )
)
v. ) CIVIL NO. 2:13cv400-WHA-TFM
)
HYUNDAI MOTORS, )
)
Defendant. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 7, 2013, Plaintiff Anthony Tony Sunday ("Sunday"), a former trucker and employee of Ambassador Trucking Company, filed this action *pro se* against Defendant Hyundai Motors ("Hyundai" or "Defendant"). Sunday asserts that Defendant acted negligently by failing to provide appropriate security at its facility. Specifically, he contends that the defendant failed to protect him from being stabbed by another trucker. Upon consideration of the pleadings, documents and evidentiary materials in this case, the court concludes this case warrants dismissal.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete

controversy upon which its constitutional grant of authority is based. *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215 (1990).

FED R. CIV. P. 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based. This obligation on the court to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

Sunday complains that Hyundai acted negligently by failing to ensure preventative measures were in place to protect him from an attack by another trucker at its facility. Sunday's complaint against Defendant sounds in negligence. Sunday's negligence claim arises only under state law; therefore, his claim against Hyundai does not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 332-34 (1986); *Harris v. Birmingham Board of Education*, 817 F.2d 1525 (11th Cir. 1987).

In his Response, Sunday asserts that this court has subject matter jurisdiction over his claims because his allegations demonstrate a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"). Specifically, Sunday argues that several violent incidents occurred at the facility on or around

the same time that he was attacked by another trucker. Sunday, however, did not assert a hostile work environment claim in the Complaint. Moreover, even if the court were to assume that Sunday's Response includes a Motion to Amend the Complaint, his request would be denied. While leave to amend should be "freely given when justice so requires," the court can deny amendments when (1) the amendment would be prejudicial to the opposing party; (2) there has been undue delay or bad faith on the part of the moving party; or (3) the amendment would be futile. *See* FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Jameson v. Arrow Co.*, 75 F.3d 1528, 1534 (11th Cir. 1996). Sunday fails to allege sufficient facts which demonstrate a hostile work environment; thus, an attempt to amend his complaint to raise a Title VII claim would be futile. *See Harris v. Forklift Sys., Inc*., 510 U.S. 17, 22 (1993). In addition, the pleadings do not indicate that Sunday exhausted his claims before the EEOC as required for this court to have jurisdiction over a hostile work environment claim. See 42 U.S.C. 42 U.S.C. § 2000e *et seq*.

A review of the complaint demonstrates that the plaintiff does not assert any viable federal or constitutional claims. Thus, the court does not have federal question jurisdiction over this matter. *See* 28 U.S.C. § 1331.

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.* To satisfy diversity, not only must a plaintiff be a citizen

of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). The pleadings indicate that Sunday is an inmate in Draper Correctional Facility in Elmore, Alabama and a former employee of a temporary agency located in the State of Alabama.[1] Hyundai Motor Manufacturing Alabama, LLC is a Delaware corporation with its principal place of business in Montgomery, Alabama. Thus, all of the parties in this case are citizens of the State of Alabama. Therefore, there is no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

1. The plaintiff's state law claims be dismissed without prejudice.

2. This case be DISMISSED pursuant to FED R. CIV. P. 12(h)(3).

It is further

ORDERED that the parties are DIRECTED to file any objections to the on or before September 27, 2013. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[1] On August 16, 2013, this court ordered Sunday to show cause why this case should not be dismissed for lack of jurisdiction. (Doc. No. 12.) In his Response, Sunday does not dispute that he is a citizen of the State of Alabama. (Doc. No. 13.)

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of September, 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE